IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT MANLEY,

    Petitioner,

v.

S E. ROKOSKY,

    Respondent.

Case No. 3:21-CV-1710-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Robert Manley ("Manley"). (Doc. 1). Manley, a former inmate at the United States Penitentiary in Marion, Illinois ("USP Marion"), located within the Southern District of Illinois, challenges his loss of 41 days of good conduct credit due to a prison disciplinary proceeding.[1] (*Id.* at p. 2). Manley sets forth four grounds of relief, arguing that the evidence relied upon was false and should not have been considered at the disciplinary hearing. (*Id.* at pp. 6-8). For the following reasons, the petition is denied.

## BACKGROUND

Manley is serving a 71-month sentence imposed in the Southern District of Illinois in 2019. (Case No. 3:19-cr-30118-SMY, Doc. 64 at p. 2). The incident at issue in this action occurred at USP Marion on May 10, 2021. (Doc. 11-1 at p. 7). An officer searched cell N02-213,

---

[1] Manley has since been transferred to FCI Petersburg in Hopewell, Virginia, and has a projected release date of June 27, 2024. *See* https://www.bop.gov/inmateloc/ (last visited Nov. 21, 2023). Manley's transfer does not strip this Court of jurisdiction, however, because jurisdiction over a habeas corpus petition is determined when the petition is filed. *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004) (prisoner transferred while § 2241 is pending need not refile in new district).

belonging to Manley and two other inmates. (*Id.*). The officer discovered a large quantity of suspected "intoxicants/alcohol" in the cell's common area. (*Id.*). Two bags were found under the lower bunk, and two containers were found in the cell's right rear corner inside a legal material box and milk crate. (*Id.*). The officer sent the substance for testing, which resulted in a 0.190 reading on the Alco Sensor FST ("Alco Sensor"). (*Id.* at pp. 7, 11). Manley was then charged with possession of drugs/alcohol. (*Id.* at p. 7).

That same day, Manley received a copy of the incident report and advanced written notice of the charge against him. (*Id.* at p. 9). The Unit Discipline Committee held a hearing on May 11, 2019, where Manley was informed of his rights and waived the right to a staff representative and witnesses. (*Id.* at pp. 8, 12-13). At the hearing, Manley stated, "I am guilty. I was holding on to it for someone." (*Id.* at p. 8). The matter was then referred to a Discipline Hearing Officer ("DHO"). (*Id.*).

At the DHO hearing on May 27, 2019, Manley acknowledged that he understood his rights and was waiving his right to have a staff representative and to call witnesses. (*Id.* at pp. 14-15). Manley did not present evidence on his behalf. (*Id.*). Manley admitted the charges, stating: "It was mine. It was mine. Made out of apples, sugar and candy." (*Id.* at p. 14). Using the incident report, Manley's admissions of guilt, the lack of exculpatory evidence, the photographs from the investigation, and the positive test results, the DHO found Manley guilty of violating Code 113. (*Id.* at pp. 15-16).

Manley filed a Regional Administrative Remedy Appeal. (*Id.* at p. 29). In his appeal, Manley argued that "the facts upon which the decision was based are false and cannot support a finding of alcohol possession." (*Id.*). Manley claimed that using the Alco Sensor to test the liquid substance was improper because it was only designed for use on an individual

and cannot test whether a liquid contains alcohol. (*Id.*). Manley argued that this made the reading a fabrication of evidence. (*Id.*). Manley did not raise these issues at any point during the disciplinary process. (*Id.* at p. 4). The Regional Director found that the Alco Sensor had the ability to test the breath of an individual *and* a liquid for alcohol per Program Statement 6590.07, Alcohol Surveillance and Testing Program which states, "the Alco Sensor instrument shall be used to test liquids" and "[l]iquids with a reading of 0.02 or higher shall be considered positive for alcohol." (*Id.* at pp. 26, 38-40). The Regional Director found that discipline process complied with due process and rejected Manley's appeal. (*Id.* at pp. 26-27).

Manley then filed a Central Office Administrative Remedy Appeal. (*Id.* at p. 21). In this appeal, he reasserted his prior arguments and challenged the Regional Director's findings. Manley also requested a demonstration of the Alco Sensor testing process and a copy of the manufacturer's instructions. (*Id.*). Manley did not request the demonstration or manufacturing instructions during the disciplinary process. (*Id.* at p. 4). The Central Office affirmed the Regional Director's findings and rejected Manley's appeal because the disciplinary process and investigation were properly conducted pursuant to Program Statement 5270.09 and Program Statement 6590.07, § 9. ((*Id.* at pp. 19-20). The Central Office declined to consider Manley's request for a demonstration and informed Manley that the proper means for obtaining the requested information was through the Freedom of Information Act ("FOIA"). (*Id.*).

Manley now brings this habeas action challenging the use of the evidence introduced in the DHO hearing. (Doc. 1, pp. 1-6). First, Manley alleges that the Alco Sensor cannot be used to test liquid and argues that the test results should not have been considered. (*Id.* at p. 6). Second, he challenges BOP's definition of "alcohol" under Program Statement 6590.07,

arguing that this definition "stacks the deck" and allows the use of false evidence in disciplinary hearings.² (*Id.* at p. 7). Third, Manley challenges the method by which the test was conducted because "if [the] method cannot be explained, it is false." (*Id.*). Lastly, Manley alleges that his request to demonstrate the Alco Sensor test was wrongfully denied and the subsequent referral to FOIA was insufficient. (*Id.*).

## LEGAL STANDARD

Federal inmates must be afforded due process before their good time credit can be revoked. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). Thus, inmates can challenge the loss of good time credit through a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Id.* at 842. In a disciplinary hearing, due process requires that the prisoner be given: (1) advance written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence; and (4) a written statement detailing the evidence relied on and the reasons for the disciplinary action. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1977).

Due process also requires that the findings of the DHO be supported by "some evidence" in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is a low bar, requiring only that the decision not be completely without support in the record. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). In reviewing a decision for "some evidence," courts are not required to conduct an examination of the entire record,

---

² Manley also argues that the BOP cannot define what constitutes alcohol and claims that 0.02 is an arbitrary value. The Court finds that this argument has no merit. BOP's Program Statement on alcohol falls well within its authority and, as Respondent points out, some value must be established to use as a standard for disciplinary purposes, and that is what has been done here.

independently assess witness credibility, or weigh evidence. *Id.* The relevant question is only whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The Court can only overturn the decision "if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

## DISCUSSION

Manley argues that the DHO relied upon false evidence that should not have been considered. (Doc. 1, pp. 6-8). Respondent asserts that Manley's arguments cannot be considered because he failed to raise them at his disciplinary hearing, thereby waiving them. (Doc. 11, pp. 6-7).

Due process is satisfied if the petitioner is afforded the required procedural protections at his disciplinary hearing. Further, due process "does not include a right to submit additional evidence on administrative appeal from a hearing officer's decision." *Bivins v. Williams*, No. 22-1791, 2023 WL 180051, at *1 (7th Cir. Jan. 13, 2023); *Jones v. McCaughtry*, 6 F. App'x 371, 372-73 (7th Cir. 2001) (citing *McPherson,*188 F.3d at 786-87 (due process consideration "does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding")). All due process requirements were satisfied here.

Manley was given notice of the charge and hearing, had an opportunity to be heard before an impartial DHO, was informed of his right to call a witness, and was given the report of the DHO's decision. (Doc. 11-1, p. pp. 9, 12-17). Manley then waived his right to a staff representative, his right to call witnesses, and his right to present evidence at the hearing.

(*Id.*). Despite having access to the incident report, Manley did not argue that the Alco Sensor could not test liquid or that the BOP used false evidence at the DHO hearing. (*Id.* at pp. 14-16). Manley also did not request an opportunity to demonstrate the process by which the Alco Sensor tests liquids or otherwise request a copy of the manufacturer's instructions. (*Id.* at p. 4). Manley, instead, admitted to ownership of the contraband, stating: "It was mine. It was mine. It was made out of apples, sugar, and candy." (*Id.* at pp. 3, 14). Thus, Manley forfeited his right to raise these claims now.

Even if Manley's claims could be considered, they have no merit. Due process, in a prison disciplinary proceeding, only requires "that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. The relevant question under this standard is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 456-57. The Court cannot "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb*, 224 F.3d at 652. The "some evidence" standard is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457.

Further, an officer's failure to follow program statement, such as Program Statement 6590.07, does not amount to a due process violation provided that "some evidence" supported the DHO's decision. *See Webb*, 224 F.3d at 652 (holding urinalysis sufficient to support prison's finding of guilt despite omissions in chain of custody form and toxicology report). Thus, even if Manley could show that the test did not fully comply with Program Statement 6590.07, his claims fail so long as the DHO's decision is supported by some other evidence.

Manley argues that the DHO findings were based on false evidence because the Alco Sensor cannot test liquid, and, thus, the DHO finding should be vacated. (Doc. 1). Manley's claim fails regardless because even without the test results there was "some evidence" to support the DHO's finding. The DHO also relied upon Manley's admissions of guilt, the lack of exculpatory evidence, and the incident report. *See Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016) (noting that a prison guard's lay identification of substance may be sufficient to support disciplinary hearing findings depending on guard's training and experience).

Additionally, while Manley claims the prison cannot use the Alco Sensor to test liquids, the substance was tested for alcohol in accordance with the BOP's Program Statement 6590.07 and produced evidence that the DHO appropriately considered. Manley argues that the Alco Sensor test could not have produced a valid 0.190 reading because the "devices are functional only when blown into—hard—by a human (not a bag)." (Doc. 1 at p. 6). He argues that the positive reading produced by the Alco Sensor was false evidence and should not have been considered by the DHO. (*Id.* at pp. 6-8). As Respondent argues, however, the relevant Program Statement and a variety of case law establish that the positive Alco Sensor test results of liquid satisfy the "some evidence" standard. (Doc. 11, p. 8). *See, e.g.*, *Staples v. O'Brien*, No. 16-cv-41, 2016 WL 8732324, at *8 (N.D. W.Va. July 22, 2016) (granting motion to dismiss § 2241 petition where Alco Sensor tested liquids found in laundry soap bottles and jars); *Henderson v. Morris*, No. 05-CV-112, 2007 WL 4289978, at *3 (E.D. Tex. Dec. 3, 2007) (finding "some evidence" where liquids in whiskey bottle tested positive on Alco Sensor); *Pair v. English*, No. 17-3078-JWL, 2017 WL 3386254, at *4 (D. Kan. Aug. 7, 2017) (sustaining DHO findings where liquids in bags produced positive reading on Alco Sensor). Thus, because the BOP's Program Statement 6590.07 authorizes Alco Sensor tests of liquids and the

test yielded a positive reading well above the BOP's regulated limit of 0.02, Manley's claim that the DHO considered false evidence fails.

Manley was appropriately informed of his rights, chose not to present evidence, admitted guilt at the DHO hearing, and waived all of his claims at that time. Additionally, the DHO relied upon a variety of evidence that satisfies the "some evidence" standard, including the positive Alco Sensor reading. Therefore, Manley's due process rights were not violated. Accordingly, Manley's petition must be denied.

## Conclusion

For these reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Robert Manley is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: November 21, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**